Paul L. Hoffman (SBN 71244)
hoffpaul@aol.com
Melanie T. Partow (SBN 254843)
melaniepartow@gmail.com
UCI LAW CIVIL RIGHTS LITIGATION CLINIC
PO Box 5479
Irvine, CA 92616-5479
Tel: (310) 717-7373

*Attorneys for Plaintiff*
EDWIN PHILLIPS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EWDIN PHILLIPS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, a municipality; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Battery<br>2. Negligence<br>3. Bane Act Violations<br>4. Fourth Amendment Excessive Force (28 USC §1983)<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This civil rights case is brought by EDWIN PHILLIPS, who was subjected to excessive force by multiple deputies while in the custody and care of the Orange County Sheriff's Department.  As a result of this excessive force, Mr. Phillips suffered injuries and pain to his wrists, ankles, upper back, head, and face.  Further,

the deputies improperly retaliated against Mr. Phillips after he complained about the use of excessive force.  Plaintiff brings claims and seeks damages under state and federal law.  Plaintiff also seeks costs and reasonable attorneys' fees.

## II.  VENUE AND JURISDICTION

2. This civil action is brought to redress violations of the laws of the State of California and the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, State of California, located in the Central District of California.

## III.  PARTIES

3. Plaintiff EDWIN PHILLIPS is a competent adult who sues in his individual capacity.  At all relevant times, EDWIN PHILLIPS ("Mr. Phillips") resided in the State of California.

4. Defendant COUNTY OF ORANGE ("COUNTY") was and is a public entity organized under the laws of the State of California.  The ORANGE COUNTY SHERIFF'S DEPARTMENT ("OCSD") was and is a subdivision of COUNTY.

5. The true names, identities or capacities, whether individual, associate, corporate, or otherwise, of individual defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and thereon believes that each of the defendants sued herein as a DOES are legally responsible in some manner for the events and happenings that caused Plaintiff's injuries.  Plaintiff will amend his complaint to name the DOE Defendants when their true names, identities or capacities are ascertained.

6. At all relevant times, DOES 1 through 10 were officers, staff members, employees and agents of defendant COUNTY, or of other organizations with whom

1  COUNTY has a legal relationship, or were officers, staff members, employees, and
2  agents of other entities who were owned, maintained, controlled, and supervised by
3  COUNTY and its OCSD.  DOES 1 through 10, inclusive, and each of them, were
4  also individuals who were policy makers and/or engaged in the business,
5  management, review, and supervision of jail facilities and jail medical facilitates,
6  and engaged in the provision of services, medical care, protection, administration,
7  and daily needs to inmates being held in the custody of the OCSD.
8      7.    At all relevant times, all defendants, and each of them, were the agents
9  and/or employees of each other.  At all relevant times, the individual defendants
10 were acting within the scope and purpose of said agency and employment and under
11 color of law.

### III.  FACTS COMMON TO ALL CLAIMS

13     8.    On January 5th, 2020 Mr. Phillips was taken to the Theo Lacy Facility
14 operated by the OCSD.
15     9.    During the intake process at Theo Lacy, near what appeared to be a
16 nurse's station, DOES 1-10 handcuffed Mr. Phillips' hands behind his back and
17 faced him against a wall to pat him down.  There was no verbal or physical
18 altercation between Mr. Phillips and any of the four deputies.  Mr. Phillips did not
19 threaten to harm or harm any of the deputies.  Mr. Phillips was compliant and
20 unarmed.  Without cause, DOES 1-10 severely bent and lifted up Mr. Phillips'
21 wrists and arms while they were handcuffed behind his back, causing Mr. Phillips
22 severe pain.  Mr. Phillips fell to the ground.  While Mr. Phillips was on the ground,
23 the deputies used their body weight to restrain him, which interfered with Mr.
24 Phillips' ability to breathe.  Mr. Phillips asked if he could be allowed to get back on
25 his knees because he was having difficulty breathing.  The deputies permitted Mr.
26 Phillips to get up on his knees, but then forcibly lifted Mr. Phillips up from the
27 ground by "chicken winging" him, or lifting his arms up from the wrists, which
28

were still handcuffed behind his back. This again, unnecessarily and unrelated to any legitimate penological interest, caused Mr. Phillips to experience severe pain and suffering.

10. The deputies then moved Mr. Phillips to a far unlit cell, despite the availability of empty cells that were lit and that were closer to other inmates and to the nurse's station. As they transported Mr. Phillips down the corridor, one of the deputies said, "one minute… away from the cameras… a little further." Once Mr. Phillips arrived at the cell, DOES 1-10 again lifted up Mr. Phillips' handcuffed wrists from behind, which were handcuffed behind his back, while ordering him to "get on your knees." Mr. Phillips was again in extreme pain. He was also physically unable to comply with the order to get on his knees because DOES 1-10 were lifting up his arms behind his back by his writs. DOES 1-10 then swept Mr. Phillips' foot or feet, causing Mr. Phillips to fall face down to the ground. While on the ground, DOES 1-10 put pressure on the upper side of Mr. Phillips' back and another DOE defendant grabbed his ankles, twisted them across each other, and bent his knees feet back toward his buttocks. Mr. Phillips started choking and coughing, showing obvious indications of suffocation. Meanwhile, a DOE defendant threatened Mr. Phillips by saying "Do you feel that? That's my taser. If you move, I am going to tase you." Mr. Phillips did not resist DOES 1-10 and it was observable to them that Mr. Phillips was choking and in severe pain.

11. Some time later, a deputy came back and threatened Mr. Phillips by saying "Phillips, if you give us a problem, we are going to kick your ass, *boy*." Other deputies passing by Mr. Phillips' cell stared him down.

12. Mr. Phillips later told a medical care provider about the use of excessive force against him. As he complained to the care provider, a DOE defendant was behind Mr. Phillips and within earshot. After seeing the medical care

provider, DOES 1-10 pushed Mr. Phillips down the hallway to his cell while bending his wrists aggressively, causing him more pain and injury.

13. Thereafter, Mr. Phillips was placed into cells with cell mates who were known to have violent habits and mental issues, who were verbally assaultive toward Mr. Phillips, and who the OCSD refused to move, even though they posed a threat to Mr. Phillips' physical safety.  DOES 1-10 also threatened to place Mr. Phillips in a disciplinary hole without justification.

14. On May 9th, 2020, Mr. Phillips submitted a written complaint about the use of excessive force and retaliation against him to what Plaintiff is informed and thereon believes is an Office of Independent Review.  Upon submitting his complaint, DOES 1-10 came to his cell, commanded him to step out of his cell, and tossed the contents of his cell, destroying his property, tearing-up his copy of his complaint, and squeezing shaving cream all over his bed and pillow. The Office of Independent Review rejected his complaint.

15. Mr. Phillips still suffers from the physical injury and pain the deputies have caused to his head, wrists, arms, and shoulders. Additionally, Mr. Phillips is suffering from emotional trauma and mental distress, which manifests as fear, sadness, anxiety, depression, humiliation, undue stress, and other related symptoms.

## FIRST CLAIM FOR RELIEF

### Battery

(Against the individual Doe Defendants 1-10 and against the COUNTY vicariously)

16. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

17. DOE defendants 1-10 committed a battery against Mr. Phillips when they used unreasonable force against him by lifting Mr. Phillips' wrists up from behind while his hands were handcuffed behind his back (or "chicken winging" him), by taking him down to the ground unnecessarily, by applying pressure to his

back and other areas of his body while he was on the ground, by restraining his legs at the ankles while he was on the ground, by restraining him in such a way that it interfered with his ability to breathe, by threatening to tase him without justification, and by unnecessarily applying undue pressure to his wrists during periods of restraint. At no time did Mr. Phillips threaten or attempt to harm or actually harm the deputies or any other person. Mr. Phillips did not resist the deputies and was compliant with the deputies' orders and commands. None of the uses of force against Mr. Phillips were related to or in furtherance of any legitimate penological interest. As a result of the force by the deputies, Mr. Phillips sustained both physical injuries and mental and emotional distress.

18. The conduct of the aforementioned DOE defendants 1-10 was malicious, oppressive and in reckless disregard for the rights and safety of Mr. Phillips, and therefore warrants the imposition of exemplary and punitive damages.

19. The COUNTY OF ORANGE is vicariously liable for the wrongful acts of DOES 1-10, who are the employees of the municipality pursuant to sections § 815.2, § 820, and § 845.6 of the California Government Code. Government Code § 820, subdivision (a) provides that except as otherwise statutorily provided, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Subdivision (a) of section 815.2 provides that the entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would ... have given rise to a cause of action against that employee..." Thus, the general rule is that an employee of a public entity is liable for the employee's torts to the same extent as a private person § 820(a); and the public entity is vicariously liable for any injury which its employee causes § 815.2(a) to the same extent as a private employer Government Code § 815(b). Therefore, the COUNTY OF ORANGE is liable for the acts of its employees.

6
COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL

20. Accordingly, Defendants COUNTY (vicariously) and the individual DOE Defendants 1-10 are liable to plaintiff for compensatory damages. Plaintiff also seeks reasonable attorneys' fees under California Code of Civil Procedure Section 1021.5. Plaintiff further seeks costs of suit.

**SECOND CLAIM FOR RELIEF**

**Negligence**

(Against the individual Doe Defendants 1-10 and against the COUNTY vicariously)

21. Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

22. At all relevant times, DOES 1-10 and COUNTY owed a duty of care to Mr. Phillips to act reasonably and to refrain from the use of excessive force against him while in their care, custody, and control, particularly given the special relationship recognized by California law between jailer and prisoner.

23. This duty also required COUNTY and DOES 1-10 to exercise reasonable care in the hiring, training, and retention of the staff of the Theo Lacy Facility, including defendants DOES 1-10, such that its employees were trained not to use excessive force or retaliate against inmates.

24. The COUNTY, its employees, and DOES 1-10 negligently failed to implement proper training and supervision for custodial, medical care, jail staff, and other COUNTY personnel, to remedy and address systemic problems in COUNTY Jails of excessive force against inmates.

25. Plaintiff further alleges that DOES 1-10 were negligent in their use of force against Mr. Phillips, as detailed above, resulting in his severe wrist, arm, and shoulder pain, interference with his ability to breathe, and mental and emotional distress.

26. The failure of DOES 1-10 to use the skill and care that a reasonably careful custodial officer would have used in similar circumstances proximately caused Mr. Phillips injuries, pain, and suffering.

27. The conduct and inaction of DOES 1-10 was malicious, oppressive, and in reckless disregard for the rights and safety of plaintiff and therefore warrants the imposition of exemplary and punitive damages against DOES 1-10.

28. The COUNTY OF ORANGE is vicariously liable for the wrongful acts of DOES 1-10, who are the employees of the municipality pursuant to sections § 815.2, § 820, and § 845.6 of the California Government Code. Government Code § 820, subdivision (a) provides that except as otherwise statutorily provided, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Subdivision (a) of section 815.2 provides that the entity "is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would ... have given rise to a cause of action against that employee..." Thus, the general rule is that an employee of a public entity is liable for the employee's torts to the same extent as a private person § 820(a); and the public entity is vicariously liable for any injury which its employee causes § 815.2(a) to the same extent as a private employer Government Code § 815(b). Therefore, the COUNTY OF ORANGE is liable for the acts of its employees.

29. Accordingly, Defendants COUNTY (vicariously) and the individual DOE Defendants 1-10 are liable to plaintiff for compensatory damages. Plaintiff also seeks reasonable attorneys' fees under California Code of Civil Procedure Section 1021.5. Plaintiff further seeks costs of suit.

///
///
///

# THIRD CLAIM FOR RELIEF
## BANE ACT - CALIFORNIA CIVIL CODE § 52.1
(Against all Defendants)

30. California's Bane Act affords a private right of action against an individual who, acting under color of law, uses threats, intimidation, or coercion, or acts of violence to interfere with the rights of another secured by the Constitution or laws of the United States, or with the rights secured by the Constitution or laws of this state.

38. To obtain relief under § 52.1, a plaintiff does not need to allege that a defendant acted with discriminatory animus or intent; liability only requires interference, or attempted interference with, the plaintiff's legal rights by the requisite threats, intimidation, or coercion. *Venegas v. County of Los Angeles,* 32 Cal.4th 820, 841-843 (2004). "The essence of a Bane Act claim is that the defendant, by the specified improper means, tried to or did prevent the plaintiff from doing something he had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 883 (2007). In addition, a Bane Act claim can be asserted directly against a public entity and because government entities have respondeat superior liability for their employees' Bane Act violations, § 52.1 provides a viable claim against a city both direct in nature and vicarious. *Gant v. County of Los Angeles* 765 F. Supp. 2d 1238, 1249-50 (C.D. Cal. 2011).

39. Defendants violated Mr. Phillips rights as secured by the US and California constitutions when, as set forth above, DOES 1-10 used excessive force against him, threatened to use excessive force against him, intimidated him, and retaliated against him for complaining about the use of excessive force.

40. The conduct and inaction of DOES 1-10 was malicious, oppressive, and in reckless disregard for the rights and safety of plaintiff and therefore warrants the imposition of exemplary and punitive damages against DOES 1-10.

44. Accordingly, Defendants COUNTY and the individual DOE Defendants 1-10 are liable to plaintiff for compensatory damages. Plaintiff also seeks reasonable attorneys' fees under the Bane Act. Plaintiff further seeks costs of suit.

## FOURTH CLAIM FOR RELIEF

**Excessive Force (Fourth and Fourteenth Amendment – 42 U.S.C. § 1983)**

(Against DOES 1-10)

45. Plaintiff repeats and re-alleges each and every of the foregoing allegations as if fully set forth herein.

23. The Fourth and Fourteenth Amendments to the United States Constitution protect an individual's right to be free from excessive force by members of law enforcement while in custody awaiting trial. *Lolli v. Cnty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003)

24. DOES 1-10 violated Mr. Phillips' right to be free from excessive force as protected by the Fourth and Fourteenth Amendments when they used excessive, force against him as set forth above, and when he was unarmed, when he had not threatened any person or any deputy, when he had not attempted to harm any person or any deputy, when he did not resist any deputy, and when he was compliant. The deputies' uses of force were not related to or in furtherance of any legitimate penological interest.

25. As a result of the excessive force used against him, Mr. Phillips sustained injury and pain to his wrists, arms, shoulders, torso, and head. He also sustained emotional and mental distress as set forth above. At times while the force

was being used against him, and particularly when he could not breathe, he thought he was going to die.

26. The conduct of DOES 1-10 was malicious, oppressive, and in reckless disregard for the rights and safety of Plaintiff and warrants the imposition of exemplary and punitive damages.

27. Accordingly, DOES 1-10 are liable to Plaintiff for compensatory damages under federal law.  Plaintiff also seeks reasonable attorney's fees and costs pursuant to 28 U.S.C. §1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the defendants, and each of them, as follows:

1. Compensatory general, economic, and special damages in an amount to be proven at trial;

2. Exemplary damages, against the Defendants DOES 1-10 only,

3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988, Cal. Civ. Code § 52.1, and C.C.P. § 1021.5.

7. Costs of suit necessarily incurred herein; and

8. Such further relief as the Court deems just or proper.

DATED: February 8, 2021          UCI LAW CIVIL RIGHTS LITIGATION CLINIC


By_____/s Melanie T. Partow_____
     Paul L. Hoffman
     Melanie T. Partow
     Attorneys for Plaintiff, EDWIN PHILLIPS

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: February 8, 2021            UCI LAW CIVIL RIGHTS LITIGATION CLINIC

                                   By_____/s Melanie T. Partow_____
                                       Paul L. Hoffman
                                       Melanie T. Partow
                                       Attorneys for Plaintiff, EDWIN PHILLIPS